## J. L. S. HUNT, RECEIVER, V. S. W. SMART.

### No. 488.

1. **Insolvent Bank—Preferred Claims—Waiver.**—There is nothing in the national banking act that would debar a creditor of an insolvent bank, holding a claim entitled to preferred payment, from asserting his preference after presenting his claim to the receiver as a general one.

2. **Same—Estoppel.**—Since the assessment made by the comptroller on the stockholders would have been the same had such creditor's claim figured as a preferred one, instead of a general one, he is not estopped by presenting it as a general one from afterwards receiving his preference.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*H. P. Drought*, for appellant.—The court erred in finding that plaintiff was not estopped in claiming as a special creditor by reason of his action in proving up his claim before the receiver and allowing himself to be considered as a general creditor, until after the assessment had been levied on each share of stock. If a man, either in express terms or by conduct, makes a representation to another of the existence of a certain state of facts which he intends to be acted upon in a certain way, and it be acted upon in that way in the belief of the existence of such a state of facts to the damage of him who so believes, the first is estopped from denying the existence of such a state of facts. Bige. on Estop., 5 ed., 570, and notes; Davis v. Railway, 40 Iowa, 292; Lucas v. Hart, 5 Iowa, 415, and cases cited; Stiff v. Ashton (Mass.), 29 N. E. Rep., 203.

*C. A. Keller*, for appellee.—1. Filing his claim with the receiver did not estop the appellee from prosecuting a suit thereon. Iron Co. v. Car Works, 53 Fed. Rep., 853–854; McLead v. Evans (Wis.), 28 N. W. Rep., 173, 176; Hunt v. Townshend, 26 S. W. Rep., 310; Petters v. Bain, 133 U. S., 672; Bank v. Bank, 36 Conn., 325.

2. Unless the representation of the party to be estopped has really been acted upon—the other party acting differently, that is to say, from the way he would otherwise have acted, so that to deny the rep-

resentation would prejudice him—no estoppel arises.    Bige. on Estop., 5 ed., sec. 6, p. 638, et seq.; Railway v. Gordon, 70 Texas, 80, 88; Wortham v. Thompson, 81 Texas, 348, 351; Burleson v. Burleson, 28 Texas, 383, 415; Scoby v. Sweat, 28 Texas, 713, 730; Page v. Arnim, 29 Texas, 54, 71.

JAMES, CHIEF JUSTICE.—In June, 1893, appellee sent to the Texas National Bank a note for collection and remittance, which, amounting to $825.33, was collected by the bank on or about July 29, 1893, and not remitted.    The money was mingled with the general funds of the bank, and when appellant became receiver of the bank, more than that amount was on hand in the vaults, and came into the hands of the receiver.

Prior to October 1, 1893, appellee filed his claim therefor with the receiver, without indicating therein any right or claim to a preference, and the same was thus classified and acted on.

It appears that on November 20th the Comptroller of the Currency made an assessment of $78 on the par value of each share of the stock, the claim of the appellee being considered in making the assessment; that the assessment levied was sufficient, if collected on all the stock, to pay all creditors in full; but the principal stockholder had proved to be insolvent, and for that reason creditors would not be paid in full.

On November 29, 1893, appellee filed this suit, claiming that by reason of the attitude of the bank to him in the collection of the note, and the disposition of the proceeds as above shown, he was entitled to be paid in full out of the assets in the receiver's hands.    That this was his right originally is not questioned by appellant.    The receiver brings this case to us, with the contention that appellee has lost his right to a preference, and is estopped from claiming as a special creditor, by reason of his action in proving up his claim before the receiver and allowing himself to be considered as a general creditor until after the assessment had been levied on each share of stock.

There is nothing in the national banking act that would debar a creditor holding a claim entitled to preferred payment from asserting his preference after presenting his claim as a general one.    If such act is to bind him, as is contended here, it must be by reasons of estoppel, and in order for an estoppel to exist, it must appear that his action has led to a condition of things which would cause other creditors to lose some right if he is now admitted to a preference.    That after the insolvency of a stockholder, the other creditors would receive a less pro rata payment by reason of appellee being paid in full, is clear.    But it must be remembered, that appellee was entitled from the nature of his claim to a priority over these creditors.    They had no right to be paid except out of assets that remained after he was satisfied.    The assessment made by the Comptroller would have been the same had appellee's claim figured as preferred, for it appears that the assessment made by this officer was sufficient to pay appellee and all the other

creditors in full. Therefore, it is clear that appellee's act in present-
ing his claim as a general one did not induce an insufficient provision
for the other creditors.

The hardship that is entailed on the general creditors results alto-
gether from the insolvency of a stockholder, an event not attributable
in any way to the manner of propounding appellee's claim, and which,
if known to the Comptroller, would not have authorized a larger
assessment. United States ex rel. Knox, 102 U. S., 422. We fail
to perceive in what respect the general creditors have lost, or have
been placed at a disadvantage with regard to, any right they had,
through appellee's conduct; on the contrary, if appellee is refused
preference, they will acquire an advantage not justly due to them.
The elements of estoppel are clearly wanting in this case, and as no
other ground of defense is asserted by appellant, the judgment will be
affirmed.

*Affirmed.*

Delivered October 24, 1894.